IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
IN ADMIRALTY
CASE NO. 4:15-cv-153

ALBERT G. VANDERMEER, )
        Plaintiff, )
         )
v. )
         )
M/V CHARAZZ )
(EX-SIP'N'TIME)(NC 7055 DF) )
(HIN# RPGUSA13A900), her boats, )
tackle, apparel, furniture, engines, )
fishing history and permits, and )    ORDER ON MOTION TO SEAL
appurtenances, etc., *in rem*, )
         )
and )
         )
GRAND SLAM YACHT & BOAT )
SALES, LLC, WILSON CARLYLE )
GAY, and JAMES ALLEN HINDS, *in* )
*personam,* )
         )
        Defendants )

This matter comes before this Court upon Plaintiffs' Motion to Seal. The Court having reviewed the Motion and being fully informed, finds the following:

Plaintiff had previously filed his and Defendant James Hinds' Interrogatory Responses as attachments to Plaintiff's "Response to Defendant Wilton Carlyle Gay's Motion for Leave to Amend Discovery Plan and File an Amended Answer and Memorandum of Law in Support" [D.E.'s 62-9 & 62-11] and also as attachments to "Plaintiff's Appendix to Local Rule 56.1 Statement of Material Fact" [72-5 & 72-6] without first redacting personal information including Plaintiff's Social Security Number, driver's license number, date of birth and account numbers for

various medical providers and insurance companies. Defendant Hinds' date of birth and driver's license number were also not redacted. Plaintiff's previously filed Interrogatory Responses also failed to include his verification. Upon realizing this error, Plaintiff re-filed the subject Interrogatory responses with appropriate redactions. Aside from redacting the previously described information and including Plaintiff's verification, the re-filed redacted Interrogatory Responses are identical to the Interrogatory Responses filed under D.E.'s 62-9, 62-11, 72-5 & 72-6.

The Interrogatory Responses filed under D.E.'s 62-9, 62-11, 72-5 & 72-6 contain a Social Security number, driver's license numbers, dates of birth and account numbers for various medical and insurance companies and violated Fed. R. Civ. P. 5.2(a). Plaintiff counsel acknowledged that the error was solely due to his error and not that of Plaintiff or Defendant Hinds.

While there is a presumption of public access to judicial documents, *"[t]his presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access."* Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). Failure to seal the subject Interrogatory Responses [D.E.'s 62-9, 62-11, 72-5 & 75-2] could particularly expose Plaintiff to identity theft, and his interests in privacy outweigh the public's right to access to the un-redacted Interrogatory Responses.

When considering this Motion, the Court must give the public notice of it and provide an opportunity to challenge the order sealing the Interrogatory Responses. *See* In re Knight Pub. Co., 743 F.2d 231, 234 (4th Cir. 1984). To provide this notice, *"the court must docket the motion to seal 'reasonably in advance of their disposition so as to give the public and press an opportunity to intervene and present their objections to the court.'"* 2433 S. Boulevard v. Bank of Am., 7:10-CV-28-H, 2010 WL 4722297, at *1 (E.D.N.C. Nov. 15, 2010)(quoting Knight Pub.

2

Co., 743 F.2d at 234). *"The court must consider less drastic alternatives to sealing and, if it decides to seal documents, must 'state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review.'"* Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988) (quoting Knight Pub. Co., 743 F.2d at 235).

In this case, the now redacted Interrogatory Responses provide the public access to all information contained in the documents Plaintiff seeks to have sealed to which it is entitled. *See* Fed. R. Civ. P 5.2(a). Alternatives less drastic than sealing the un-redacted Interrogatory Responses would not protect the parties' privacy interests. The public will suffer no prejudice by sealing D.E.'s 62-9, 62-11, 72-5 & 75-2, in light of the re-filed redacted Interrogatory Responses.

Therefore, Plaintiff's Motion to Seal is Granted. It is ORDERED that D.E.'s 62-9, 62-11, 72-5 & 75-2 be sealed.

SO ORDERED. This __23__ day of January 2017.

JAMES C. DEVER III
Chief United States District Judge